UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON, #471817,

        Plaintiff,        Civil Action No. 14-12789
                                    Honorable Matthew F. Leitman
v.                                       Magistrate Judge David R. Grand

GEORGE LNU, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY
## PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT [33, 34, 35, 36, 37]

On July 3, 2014, Plaintiff Morris Weatherspoon, an inmate at the Muskegon Correctional Facility, filed his complaint in this case, pursuant to 42 U.S.C. §1983, against several defendants. (Doc. #1). On October 30, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #16).

Presently before the Court are Weatherspoon's Motions for Default Judgment against the following defendants: George LNU (psychiatrist), Angie LNU (nurse), Tammy LNU (nurse), Dr. Abdullateef, and Woern (social worker). (Docs. #33, 34, 35, 36, 37). Weatherspoon argues that default judgments are appropriate because he claims that: more than 90 days have elapsed since service upon these defendants; these defendants have not filed an answer or otherwise responded to Weatherspoon's complaint; and defaults have been entered against these defendants. (*Id.*).

Even assuming that these five defendants were properly served (which does not appear to be the case[1]), Weatherspoon would not be entitled to default judgments. Weatherspoon's

---

[1] Although the United States Marshal Service attempted service on these defendants, the docket indicates that waivers of service were returned unexecuted for these five defendants on

motions for default judgment ignore that this case is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, and that under that statute a prison official sued by an inmate is not required to file a response to the inmate's complaint unless and until ordered to do so by the Court. The relevant section of the PLRA provides as follows:

> (g) Waiver of reply
>
> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. §1997e(g). "While the Court 'may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits,' until such time as this happens, none of the defendants in this [prisoner case] are obligated to answer the complaint." *Boling v. Corrections Medical Service*, 2007 WL 2515222, at *1 (E.D. Mich. Aug. 31, 2007) (internal citations omitted). Thus, because none of the five defendants at issue in the pending motions (George LNU (psychiatrist), Angie LNU (nurse), Tammy LNU (nurse), Dr. Abdullateef, and Woern (social worker)) have been directed by the Court to reply to Weatherspoon's complaint, they had no obligation to do so, and the fact that none of them has yet filed such an answer does not subject them to entry of default judgments. *See* 42 U.S.C. §1997e(g)(2).[2]

---

September 18, 2014. (Doc. #10). There is no indication that proper service has since been accomplished. On today's date, the Court issued a separate Order directing the MDOC to provide additional information about these unserved defendants. (Doc. #43).

[2] Moreover, Weatherspoon's motions for default judgment are procedurally inappropriate. It is

2

For the reasons stated above, **IT IS RECOMMENDED** that Weatherspoon's Motions for Default Judgment (**Docs. #33, 34, 35, 36, 37**) be **DENIED**.

Dated: January 9, 2015　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2015.

　　　　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　　　　Case Manager

---

clear that the entry of a default under Fed. R. Civ. P. 55(a) is a prerequisite to entry of a default judgment under Fed. R. Civ. P. 55(b). *See Lewis v. Detroit Pub. Sch.*, 2013 WL 5785777, at *2 (E.D. Mich. May 6, 2013). Here, despite Weatherspoon's assertions to the contrary, there is no indication on the docket that defaults have been entered by the Clerk of Court against the five defendants at issue in the pending motions. Thus, entry of default judgment is inappropriate. *See Colston v. Cramer*, 2008 WL 559579, at *2 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment.").

3