UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

GEORGE LNU, *et al.*

    Defendants.
_____/

Case No. 14-cv-12789
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER ADOPTING REPORT & RECOMMENDATION AND DENYING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

On January 9, 2015, Magistrate Judge David R. Grand issued a Report and Recommendation (the "R&R," ECF #44) recommending that the Court deny Plaintiff Morris Weatherspoon's Motions for Default Judgment as to Defendants George LNU, Angie LNU, Tammy LNU, Dr. Abdullateef, and LNU Woern (the "Motions for Default Judgment," ECF ##33, 34, 35, 36, and 37). The R&R stated that the parties could object to and seek review of the recommendation within 14 days. (*See* R&R at 3, Pg. ID 319.) No party objected to the R&R within the time allotted. The Court reviewed the R&R and agreed with the Magistrate Judge's findings and conclusions. Accordingly, on February 4, 2015, the Court adopted the R&R as the Opinion of the Court and denied Plaintiff's Motions for Default Judgment. (*See* the "Order Adopting the R&R," ECF #45.)

On February 6, 2015, the Court received Plaintiff's "Motion Request for Reconsideration to File Objection(s) and Request the Court Enter (Uphold) Default Judgment against Defendants." (*See* the "Motion for Reconsideration," ECF #46.) In the Motion to Reconsideration, Plaintiff acknowledged that he did not timely object to the R&R. (*See id.* at ¶1.) Plaintiff's failure to file timely objections to the R&R constitutes a waiver of the right to further judicial review. *See, e.g.*, *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1374 (6th Cir. 1987) (failure to file objection to a report and recommendation "waived subsequent review of the matter"). Nonetheless, the Court will consider Plaintiff's request for reconsideration. *See, e.g.*, *Pocaro v. TD Waterhouse*, No. 06-13834, 2007 WL 4327325 (E.D. Mich. Dec. 10, 2007) (considering pro se plaintiff's post-judgment motion despite plaintiff's failure to file objections to report and recommendation).

On a motion for reconsideration, a movant must demonstrate that the court was misled by a "palpable defect." E.D. Mich. L. R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. E.D. Mich. L. R. 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could

2

have presented earlier.  *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff has not identified a palpable defect in the R&R or the Order Adopting the R&R.  The basis for the Motion for Reconsideration is difficult to comprehend.  Plaintiff's primary argument appears to be that the Court should grant his Motions for Default Judgment because he is unable to ascertain the Defendants' last names.  However, Plaintiff's alleged inability to identify Defendants' full names is simply not a basis for granting the requested default judgments.  Moreover, as the Magistrate Judge explained in the R&R, this case is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. Because this Court has not directed Defendants to respond to Plaintiff's complaint pursuant to the PLRA, "the fact that none of them has yet filed such an answer does not subject them to entry of default judgments."  (R&R at 2.)  Under these circumstances, Plaintiff has not identified any palpable defect in the R&R or the Order Adopting the R&R.

For the reasons discussed in this Order, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (ECF #46) is **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 23, 2015, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113