UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON, #471817,

                Plaintiff,                Civil Action No. 14-12789
                                            Honorable Matthew F. Leitman
v.                                           Magistrate Judge David R. Grand

GEORGE LNU, *et al.*,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO GRANT THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [18] AND TO DENY PLAINTIFF'S CROSS-MOTIONS FOR SUMMARY JUDGMENT [38, 39, 40, 41]

Before the Court is the Motion for Summary Judgment filed on November 3, 2014, by Defendants Jon Pavitt, Gail Wang, Eutrilla Taylor, and Diana Hering, all of whom are employed by the Michigan Department of Corrections ("MDOC") (collectively the "MDOC Defendants"). (Doc. #18). Plaintiff Morris Weatherspoon ("Weatherspoon"), an incarcerated person, filed a response to this motion on December 18, 2014 (Doc. #32), and no reply was filed. Also before the Court are four "Motion[s] to Dismiss [the MDOC Defendants'] Summary Judgment Motion," filed by Weatherspoon on December 18, 2014, each directed to one of the MDOC Defendants. (Docs. #38-41). The MDOC Defendants did not file responses to any of Weatherspoon's motions. The Court will construe Weatherspoon's "motions" both as supplemental responses to the MDOC Defendants' motion for summary judgment and as separate, cross-motions for summary judgment.

An Order of Reference was entered on October 30, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #16). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f).

Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the MDOC Defendants' Motion for Summary Judgment [**18**] be **GRANTED** and Plaintiff's Motions to Dismiss Defendants' Motion for Summary Judgment [**38, 39, 40, 41**] be **DENIED**.

## II.  REPORT

### A.  Background

Weatherspoon is currently incarcerated by the MDOC at the Muskegon Correctional Facility in Muskegon, Michigan, but the conduct about which he complains took place at the Macomb Correctional Facility ("MRF") in New Haven, Michigan. On July 3, 2014, Weatherspoon commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging violations of his rights under the First and Eighth Amendments to the United States Constitution.

At issue in the instant motions are the allegations Weatherspoon makes in his complaint against Defendants Pavitt, Wang, Taylor, and Hering. First, Weatherspoon alleges that he was suffering from leg pain on January 31, March 10, and April 8, 2013, and that on at least one of those dates, Defendant Hering denied him pain medication to address that issue. (Doc. #1 at ¶13). Second, Weatherspoon claims that, on March 3, 2013, Defendants Wang and Pavitt failed to provide teeth cleaning, dentures, and other dental care. (*Id.* at ¶14). And, finally, Weatherspoon alleges that, between January 29, 2013, and April 29, 2013, Defendant Taylor retaliated against him by failing to process and/or respond to internal prison grievances he sought to file. (*Id.* at ¶16).

The MDOC Defendants filed a motion for summary judgment with respect to all of Weatherspoon's allegations against them. (Doc. #18). Weatherspoon filed a response to that motion, as well as separate "motions to dismiss" the MDOC Defendants' motion, in which Weatherspoon also asks the Court to enter summary judgment in his favor. (Docs. #32, 38, 39, 40, 41).

### B.     Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor

"'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). As set forth above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citations omitted). Accordingly, summary judgment in favor of the plaintiff "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Harris v. Kowalski*, 2006 WL 1313863, at *3 (W.D. Mich. May 12, 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

**C.    Analysis**

In their motion, the MDOC Defendants argue that summary judgment in their favor is warranted on qualified immunity grounds.[1]  (Doc. #18 at 19-25). Specifically, the MDOC

---

[1] The MDOC Defendants also argue that summary judgment is appropriate because Weatherspoon failed to exhaust his administrative remedies. (Doc. #18 at 11-19). Because the Court finds that qualified immunity shields the MDOC Defendants from liability, however, it

4

Defendants argue that because they did not violate Weatherspoon's clearly established rights under the First or Eighth Amendment, his claims are barred by the doctrine of qualified immunity. (*Id.*). As set forth in greater detail below, the Court finds merit to this argument.

### 1. General Legal Standards

Under the doctrine of qualified immunity, governmental officials performing discretionary functions are shielded from civil liability unless their conduct violates a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is premised upon the avoidance of unnecessary burdens of litigation, and therefore the privilege is an immunity from suit and not a mere defense to liability. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *See Saucier*, 533 U.S. at 201. In conducting this inquiry, the court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011). Here, for the reasons discussed below, there is no evidence that the MDOC Defendants violated Weatherspoon's rights under the First or Eighth Amendment; as such, qualified immunity bars his claims against them.

### 2. *Weatherspoon's Eighth Amendment Claims Against Hering, Wang, and Pavitt are Barred by Qualified Immunity*

In his complaint, Weatherspoon pleads Eighth Amendment claims against Defendants

---

need not address the merits of their exhaustion argument. Thus, the Court will assume, for purposes of ruling on the instant motions, that Weatherspoon properly exhausted his claims against the MDOC Defendants.

Hering, Wang, and Pavitt. The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). An Eighth Amendment claim has two components, one objective and one subjective. To meet the objective prong, a plaintiff must demonstrate that he has been incarcerated under conditions posing a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective prong, a plaintiff must demonstrate that the defendant acted with deliberate indifference. *See Jones v. Michigan*, 698 F. Supp. 2d 905, 915 (E.D. Mich. 2010). More specifically, a plaintiff must demonstrate that a prison official knew of and disregarded an excessive risk to inmate health or safety by showing that (1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference. *See Farmer*, 511 U.S. at 837.

As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'

*Id.* (internal citations omitted).

In his complaint, Weatherspoon alleges that on January 31, March 10, and April 8, 2013,

he was suffering from "severe and intense" leg pain. (Doc. #1 at ¶13). Weatherspoon alleges, generally, that Defendant Hering and three other named defendants "withheld [his] (recorded and documented) prescribed pain relief medication[2] and prevented [him] access to a physician capable of evaluating [his] need for adequate treatment." (*Id.* (footnote added)). The Sixth Circuit has recognized, however, that, "Persons sued in their individual capacities under §1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Thus, in order to succeed on his Eighth Amendment claim against Hering, Weatherspoon must show that she – individually and directly – was deliberately indifferent to his serious medical needs. He has failed to do so.

As noted above, Hering, a registered nurse at MRF, submitted an affidavit in which she indicates that she saw Weatherspoon in healthcare on March 11, 2013, after he had submitted a "kite" requesting medical attention. (Doc. #18 at Ex. 1, ¶3). According to Hering, she examined Weatherspoon and obtained his vital signs. (*Id.*). He presented with "no acute symptoms," and – just prior to this nurse visit – had been evaluated by Dr. Abdellatif (another named defendant) and provided with pain medication.[3] (*Id.* at ¶4). Weatherspoon also alleges that Hering refused his request for referral to an outside hospital and evaluation by a specialist; however, Hering

---

[2] In an affidavit in support of her motion for summary judgment, Hering asserts that she only saw Weatherspoon on March 11, 2013. (Doc. #18 at Ex. 1, ¶3). In his cross-motion for summary judgment, Weatherspoon responded by reiterating that his interaction with Hering took place on March 10th, but he did not dispute Hering's assertion that she was not involved in either the January 31 or April 8, 2013 visits referenced in Weatherspoon's complaint. (Doc. #39 at 4). Importantly, Weatherspoon indicates that, at his March 10th visit with Hering, she provided him with "4 tablet[s] of pain relief medication." (*Id.*). Thus, even assuming Weatherspoon is correct about the date of his visit with Hering, by his own admission, Hering did not completely withhold medication; rather, she simply provided a smaller quantity (and perhaps a different type) of medication than Weatherspoon desired.

[3] Weatherspoon acknowledges in his cross-motion that Dr. Abdellatif provided him with an additional sixty (60) tablets of pain relief medication on March 13, 2013 – just two days after he was seen and given pain medicine by Hering. (Doc. #39 at 4). Thus, at most, Weatherspoon was without the pain medication he desired for approximately two days.

7

attests that registered nurses do not have the authority to make such referrals (*Id.* at ¶3), and Weatherspoon has offered no evidence suggesting otherwise. Thus, where Weatherspoon admits that Hering provided him with medical attention and pain medication, and simply disagrees with Hering's decision not to provide him with additional medication or refer him to a specialist, summary judgment in Hering's favor is appropriate. *See, e.g., Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) ("In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment."); *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (holding that a difference of opinion or disagreement between a prisoner and prison medical staff over the kinds of treatment the prisoner needs do not rise to the level of deliberate indifference).

For the same reasons, Weatherspoon cannot succeed on his claims against Defendants Pavitt and Wang. In his complaint, Weatherspoon alleges that, on March 3, 2013, Pavitt and Wang "failed to provide teeth cleaning, dentures, [and] urgent and routine dental care when treatment was available." (Doc. #1 at ¶14). In their affidavits, however, Wang (a dentist at MRF) and Pavitt (a registered dental hygienist at MRF) indicate that, on February 26, 2013, the dental clinic received a request for dental services from Weatherspoon, in which he complained about a bump/sore on his gums. (Doc. #18 at Ex. 2, ¶3 and Ex. 3, ¶3; Doc. #19 at 18). Weatherspoon was placed on the callout list for March 4, 2013, but he was a "no show" for his appointment, which was promptly rescheduled.[4] (*Id.*). Dr. Wang performed an emergency

---

[4] Weatherspoon claims that he never received notice of this March 4th appointment. (Doc. #41 at 4). He does not deny, however, that he did not see Dr. Wang on March 4th, and there is no dispute that Dr. Wang examined him just two days later, on March 6, 2013, by which time the

8

examination of Weatherspoon's gums two days later, on March 6, 2013, at which time no bumps or sores were present on his gums. (*Id.*). Although Weatherspoon now claims that he presented with "symptoms of swelling, infection and bleeding" (Doc. #41 at 8), the medical records indicate otherwise, specifically stating "[n]o sore present" and the sore "[h]ad been present for 10 days and then 'disappeared.'" (Doc. #19 at 18). According to Wang's and Pavitt's affidavits, as well as the relevant medical records, Weatherspoon also requested that he be provided a lower partial denture at this time. (*Id.*). Weatherspoon was informed that he had been placed on the prosthetic list, but he transferred out of MRF on April 30, 2013, before the dental work could be completed. (Doc. #18 at Ex. 2, ¶3). Both Pavitt and Wang attest that at no time did they deny Weatherspoon necessary dental care (*Id.* at Ex. 2, ¶4 and Ex. 3, ¶4), and Weatherspoon has come forward with no evidence to the contrary. Again, then, despite the fact that Weatherspoon believes he should have had his teeth cleaned and been provided with dentures at his March 2013 dental visit, his allegations amount to nothing more than a vague dispute over the adequacy of the dental care he was provided. This is insufficient to establish a Constitutional violation, and, thus, summary judgment is appropriate on Weatherspoon's Eighth Amendment claims against Pavitt and Wang. *See Allison*, 2009 WL 2885088, at *6; *Umbarger*, 93 F. App'x at 736.

### 3. *Qualified Immunity Also Bars Weatherspoon's First Amendment Retaliation Claim*

Weatherspoon also asserts in his complaint that, between January 29, 2013, and April 29, 2013, while he was on "modified access,"[5] Defendant Taylor retaliated against him, in violation

---

bump/sore had disappeared. (Doc. #19 at 18).

[5] MDOC Policy Directive 03.02.130 (entitled "Prisoner/Parolee Grievances") provides that a prisoner who "files an excessive number of grievances which are vague, duplicative, raise non-grievable issues, or contain prohibited language" may be placed on "modified access" to the grievance process. (Doc. #18 at Ex. 5, ¶HH). In that case, the prisoner must obtain grievance forms from the facility's Grievance Coordinator, who may deny such forms if the issue raised is

of the First Amendment, by failing to process and/or respond to internal prison grievances he sought to file. (Doc. #1 at ¶16). Taylor, the Grievance Coordinator at MRF, submitted an affidavit denying Weatherspoon's allegations and indicating that at no time did she refuse to provide grievance forms to Weatherspoon or otherwise interfere with his use of the grievance process. (Doc. #18 at Ex. 4).

Under Sixth Circuit law, to establish a claim for First Amendment retaliation, the plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the protected conduct and the adverse action – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

It is well-recognized that retaliation is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005). However, "alleging merely the ultimate fact of retaliation is insufficient." *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[B]ecause prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Thomson v. Spitter*, 2014 WL 235485, at *11 (W.D. Mich. Jan. 22, 2014) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (internal quotation marks omitted)).

In this case, Weatherspoon does nothing more than allege the ultimate conclusion of retaliation. He simply asserts – without any detail or evidentiary support whatsoever – that

---

not grievable or otherwise fails to meet the policy's criteria outlined in the policy. (*Id.* at ¶KK). Although the MDOC Defendants deny that Weatherspoon was on modified access, solely for the purpose of addressing the instant motions, the Court will accept Weatherspoon's allegations as true.

Taylor took adverse action against him (by allegedly denying him the ability to file grievances) in retaliation for some (unspecified) alleged protected activity. Weatherspoon has not identified the underlying protected activity in which he allegedly engaged, has not demonstrated that Taylor was aware of that alleged activity, and has not offered any evidence of unlawful, retaliatory motivation on her part. Accordingly, because Weatherspoon has not established that Taylor violated his clearly established First Amendment rights, Taylor is entitled to qualified immunity. *See Harbin-Bey*, 420 F.3d at 580 ("conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state … a claim under §1983.") (internal quotations omitted).[6]

### 4. *Weatherspoon's Cross-Motions for Summary Judgment Should be Denied*

Lastly, for all of the reasons stated above, summary judgment in Weatherspoon's favor should be denied. As set forth above, because Weatherspoon is the plaintiff in this case, to prevail on his summary judgment motions, he must make a showing "sufficient for the court to hold that no reasonable trier of fact could find other than for [him]." *Calderone*, 799 F.2d at 259. Here, where the evidence establishes that summary judgment in favor of the MDOC Defendants is appropriate, Weatherspoon's motions for summary judgment (Docs. #38-41) against these defendants should be denied.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the MDOC Defendants'

---

[6] Moreover, even if the Court were to credit Weatherspoon's unsupported allegations that Taylor refused to provide him with grievance forms and/or process his grievances, Weatherspoon alleges only that, in doing so, Taylor "prevent[ed] [him] from exhausting administrative remedies" and, thus, "hindered [his] access to the courts …." (Doc. #40 at 4). Here, however, where the Court has assumed for purposes of this Report and Recommendation that Weatherspoon fully exhausted his administrative remedies, the alleged harm about which he complains is immaterial.

Motion for Summary Judgment [**18**] be **GRANTED** and Weatherspoon's Motions to Dismiss Defendants' Motions for Summary Judgment [**38, 39, 40, 41**] be **DENIED**.

Dated: April 24, 2015                              s/ David R. Grand
                                                   DAVID R. GRAND
                                                   UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2015.

                                                            s/Eddrey O. Butts
                                                            EDDREY O. BUTTS
                                                            Case Manager