UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

     Plaintiff,                         Case No. 14-cv-12789
                                            Hon. Matthew F. Leitman

v.

GEORGE LNU, *et al.*

     Defendants.
_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #52); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #49) AS THE OPINION OF THE COURT; (3) GRANTING THE MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #18); AND (4) DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT (ECF ##38-41)

In this action, Plaintiff Morris Weatherspoon ("Weatherspoon") – an inmate in the custody of the Michigan Department of Corrections ("MDOC") – alleges that Defendants Jon Pavitt ("Pavitt"), Gail Wang ("Wang"), Eutrilla Taylor ("Taylor"), and Diana Hering ("Hering") (collectively, the "MDOC Defendants") violated his First and Eighth Amendment Rights. The assigned Magistrate Judge has issued a Report and Recommendation (the "R&R") in which he recommends that this Court (1) grant summary judgment in favor of the MDOC Defendants, and (2) deny Weatherspoon summary judgment. (*See* ECF #49.) Weatherspoon objects to the R&R (the "Objections"). (*See* ECF #52.) The Court has now

conducted a *de novo* review of the parts of the R&R to which Weatherspoon objects. For the reasons stated below, the Court **OVERRULES** the Objections, **ADOPTS** the R&R as the Opinion of this Court, **GRANTS** summary judgment to the MDOC Defendants, and **DENIES** Weatherspoon summary judgment.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 3, 2014, Weatherspoon filed this *pro se* action asserting claims under 42 U.S.C. § 1983. (*See* ECF #1.) As relevant here, Weatherspoon alleges that:

1. On three occasions in early 2013, Hering, a registered nurse employed by the MDOC, denied Weatherspoon access to pain relief medication that he needed for his leg pain (*see* ECF #1 at ¶13; *see also* ECF #18-2 at ¶1);

2. On March 3, 2013, Wang (a dentist) and Pavitt (a registered dental hygienist) "repeatedly failed to provide [Weatherspoon] teeth cleaning, dentures, urgent and routine dental care when treatment was available" (ECF #1 at ¶13; *see also* ECF #18-3 at ¶1 and ECF #18-4 at ¶1); and

3. Between January 29 and April 29, 2013, Taylor – a "Corrections Resident Representative (Grievance Coordinator)" employed by the MDOC (ECF #18-5 at ¶1) – retaliated against Weatherspoon by failing to process and/or respond to internal prison grievances that he tried to file (*see* ECF #1 at ¶16.)

Weatherspoon insists that these acts by the MDOC Defendants violated his rights under the First and/or Eighth Amendments. (*See id.* at ¶¶18-21, 23-25.)

The MDOC moved for summary judgment as to all of Weatherspoon's claims against them (the "MDOC Defendants' Motion for Summary Judgment").

(*See* ECF #18.)  Weatherspoon responded to that motion and also filed "Motion[s] to Dismiss [the MDOC Defendants'] Summary Judgment Motion[s] Pursuant to Fed. R. Civ. P. Rule 56."  (ECF #38-41.)  This Court construes Weatherspoon's "motions" as both supplemental responses to the MDOC Defendants' motion for summary judgment and as separate, cross-motions for summary judgment ("Weatherspoon's Motions for Summary Judgment").

On April 24, 2015, the Magistrate Judge issued his R&R in which he recommended that the Court grant the MDOC Defendants' Motion for Summary Judgment and deny Weatherspoon's Motions for Summary Judgment.  (*See* ECF #49.)  The Magistrate Judge stated that the MDOC Defendants are entitled to qualified immunity as to all of Weatherspoon's claims because "there is no evidence that the MDOC Defendants violated Weatherspoon's rights under the First or Eight Amendments."  (*Id.* at 5, Pg. ID 335.)  The Magistrate Judge advised the parties that they could file objections to the R&R within 14 days.  (*See id.* at 12, Pg. ID 342.)

On May 7, 2015, Weatherspoon sought an extension of time in which to file objections to the R&R (the "Motion to Extend").  (*See* ECF #50.)  Weatherspoon filed his Objections on May 15, 2015.  (*See* ECF #52.)  The Court has considered Weatherspoon's Objections on their merits and, for the reasons discussed below, **OVERRULES** the Objections.

3

## GOVERNING LEGAL STANDARD

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions.  *See* Fed. R. Civ. P. 72(b).  A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *U.S. SEC v. Sierra Brokerage Services, Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252.  Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Id.* at 251-252.  Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge…" *Id.* at 255.

## ANALYSIS

### A. Weatherspoon's Claim Against Hering

Weatherspoon first objects to the Magistrate Judge's recommendation that Hering is entitled to qualified immunity on Weatherspoon's claim that Hering

acted with deliberate indifference to his medical needs. An Eighth Amendment deliberate indifference claim has two components, one objective and the other subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, the plaintiff must show "that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702. To satisfy the subjective component, the plaintiff must show "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk." *Id.*

The Magistrate Judge stated:

> Weatherspoon indicates that, at his March 10th visit with Hering, she provided him with "4 tablet[s] of pain relief medication." Thus … by his own admission, Hering did not completely withhold medication; rather, she simply provided a smaller quantity (and perhaps a different type) of medication than Weatherspoon desired.
>
> …
>
> Hering … submitted an affidavit in which she indicates that she saw Weatherspoon in healthcare on March 11, 2013, after her had submitted a "kite" requesting medical attention. According to Hering, she examined Weatherspoon and obtained his vital signs. He presented with "no acute symptoms," and – just prior to this nurse visit – had been evaluated by Dr. Abdellatif (another named defendant) and provided with pain medication. Weatherspoon also alleges that Hering refused his request for referral to an outside hospital and evaluation by a specialist; however, Hering attests that registered nurses do not have the authority to make such referrals,

5

and Weatherspoon has offered no evidence suggesting otherwise. Thus, where Weatherspoon admits that Hering provided him with medical attention and pain medication, and simply disagrees with Hering's decision not to provide him with additional medication or refer him to a specialist, summary judgment in Hering's favor is appropriate. *See, e.g.*, *Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) ("In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment."); *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (holding that a difference of opinion or disagreement between a prisoner and prison medical staff over the kinds of treatment the prisoner needs do not rise to the level of deliberate indifference).

(ECF #49 at 7-8, Pg. ID 337-38) (footnote and citations to record omitted).

Weatherspoon objects to the R&R on the ground that Hering's affidavit is a "sham." (ECF #52 at 1, Pg. ID 349.) Weatherspoon insists that Hering's affidavit is false because she examined Weatherspoon on March 9 and 10, 2013, but *not* on March 11, 2013. (*See id.*) However, Weatherspoon has not shown that the date on which Hering examined him is a material fact. Indeed, even accepting Weatherspoon's version of events as true – i.e., that Hering examined Weatherspoon on March 9 and 10 but not on March 11 – Weatherspoon's claim against Hering still boils down to his apparent disagreement with the type and/or quantity of pain medication that Hering prescribed him. As the Magistrate Judge correctly recognized, Weatherspoon cannot establish an Eighth Amendment

6

deliberate indifference claim on this basis.  *See, e.g., Thomas v. Coble*, 55 Fed. App'x 748 (6th Cir. 2003) (affirming dismissal of deliberate indifference claim based upon failure to prescribe requested pain medication where plaintiff had been prescribed pain medications, just not the ones he requested)

## B. Weatherspoon's Claims Against Wang and Pavitt

Weatherspoon next objects to the Magistrate Judge's recommendation that Wang and Pavitt are entitled to qualified immunity on Weatherspoon's claims that they acted with deliberate indifference to his medical needs.  The Magistrate Judge stated:

> Weatherspoon alleges that, on March 3, 2013, Pavitt and Wang "failed to provide teeth cleaning, dentures, [and] urgent and routine dental care when treatment was available."  In their affidavits, however, Wang … and Pavitt … indicate that, on February 26, 2013, the dental clinic received a request for dental services from Weatherspoon, in which he complained about a bump/sore on his gums.  Weatherspoon was placed on the callout list for March 4, 2013, but he was a "no show" for his appointment, which was promptly rescheduled.  Dr. Wang performed an emergency examination of Weatherspoon's gums two days later, on March 6, 2013, at which time no bumps or sores were present on his gums.  Although Weatherspoon now claims that he presented with "symptoms of swelling, infection and bleeding," the medical records indicate otherwise, specifically stating, "[n]o sore present" and the sore "[h]ad been present for 10 days and then 'disappeared.'"  According to Wang's and Pavitt's affidavits, as well as the relevant medical records, Weatherspoon also requested that he be provided a lower partial denture at this time.  Weatherspoon was informed

that he had been placed on the prosthetic list, but he transferred out of [the Macomb Correctional Facility] on April 30, 2013, before the dental work could be completed. Both Pavitt and Wang attest that at no time did they deny Weatherspoon necessary dental care, and Weatherspoon has come forward with no evidence to the contrary. Again, then, despite the fact that Weatherspoon believes he should have had his teeth cleaned and been provided with dentures at his March 2013 dental visit, his allegations amount to nothing more than a vague dispute over the adequacy of the dental care his was provided. This is insufficient to establish a constitutional violation, and, thus, summary judgment is appropriate on Weatherspoon's Eight Amendment claims against Pavitt and Wang. *See Allison*, 2009 WL 2885088, at *6; *Umbarger*, 93 F. App'x at 736.

(ECF #49 at 8-9, Pg. ID 338-39) (footnote and citations to record omitted).

Weatherspoon again objects to the R&R on the ground that Wang's and Pavitt's affidavits are a "sham." (ECF #52 at 2, Pg. ID 350.) Weatherspoon contends that the affidavits are contradictory because Pavitt attested that Weatherspoon received dental treatment on March 4, 2013 (*see* ECF #18-4 at ¶4), whereas Wang attested that Weatherspoon "did not report to the dental clinic" on March 4, 2015, and instead received treatment on March 6, 2013. (ECF #18-3 at ¶3.) But Weatherspoon has not shown that the alleged inconsistencies in the affidavits regarding his treatment date are material to his Eighth Amendment deliberate indifference claim.

Moreover, and in any event, Weatherspoon has not presented evidence that Wang and Pavitt were deliberately indifferent to his medical needs. Weatherspoon

8

submitted affidavits in which he asserts that Wang "did not act reasonably" and that Pavitt "violated a health and safety regulation and standard of care" in responding to Weatherspoon's dental health issues. (ECF #41 at ¶6; ECF #38 at ¶6.) But "that is the language of medical malpractice, not deliberate indifference." *Bruederle v. Louisville Metro Gov't,* 687 F.3d 771, 778 (6th Cir. 20120); *see also Comstock*, 273 F.3d at 703 (allegations that a health care provider acted unreasonably and/or did not meet the standard of care are insufficient to establish deliberate indifference under the Eighth Amendment). Weatherspoon has not shown that Wang and Pavitt "subjectively perceived facts from which to infer substantial risk to [Weatherspoon], that [they] did in fact draw the inference, and that [they] then disregarded that risk." *Comstock*, 273 F.3d at 702. Accordingly, Wang and Pavitt are entitled to summary judgment.

## C. Weatherspoon's Claim Against Taylor

Finally, Weatherspoon objects to the Magistrate Judge's recommendation that Taylor is entitled to qualified immunity on Weatherspoon's claim that she retaliated against him in violation of the First Amendment by failing to process and/or respond to internal prison grievances that he tried to file. In order to establish First Amendment retaliation, a "a plaintiff must prove that 1) he engaged in protected conduct, 2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct, and 3) the

9

adverse action was taken at least in part because of the exercise of the protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005).

The Magistrate Judge stated:

> Weatherspoon does nothing more than allege the ultimate conclusion of retaliation. He simply asserts – without any detail or evidentiary support whatsoever – that Taylor took adverse action against him (by allegedly denying him the ability to file grievances) in retaliation for some (unspecified) alleged protected activity. Weatherspoon has not identified the underlying protected activity in which he allegedly engaged, has not demonstrated that Taylor was aware of that alleged activity, and has not offered any evidence of unlawful, retaliatory motivation on her part. Accordingly, because Weatherspoon has not established that Taylor violated his clearly established First Amendment rights, Taylor is entitled to qualified immunity. *See Harbin-Bey [v. Rutter]*, 420 F.3d [571,] 580 [(6th Cir. 2005)] ("conclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state … a claim under § 1983.") (internal quotations omitted).

(ECF #49 at 10-11, Pg. ID 340-41) (footnote and citations to record omitted).

Weatherspoon insists that he has presented evidence that Taylor retaliated against him. (*See* ECF #52 at 3, Pg. ID 351.) Weatherspoon cites to a letter dated January 2, 2013, from Warden Duncan MacLaren (the "MacLaren Letter") informing Weatherspoon that he had been placed on "Modified Access Status" because he had filed too many rejected grievances. (*See id.* (citing ECF #1 at 36, Pg. ID 36).) The MacLaren Letter further stated that Weatherspoon would have to

10

"explain [his] issue to the Grievance Coordinator" prior to filing a grievance and that the Grievance Coordinator "will decide if the issue is grievable and has merit." (ECF #1 at 36, Pg. ID 36.)  But the MacLaren Letter is not evidence that Taylor took any adverse action against Weatherspoon, nor that Taylor had any animus against Weatherspoon. The MacLaren Letter is therefore insufficient to create a genuine issue of material fact as to Weatherspoon's allegations that Taylor retaliated against him in violation of the First Amendment.

Weatherspoon also objects to the R&R on the ground that Taylor's sworn statements that she did not "interfere with the grievance process" or "retaliate against prisoner Weatherspoon" (ECF #18-5 at ¶¶3-4) are "not credible."  (ECF #52 at 3, Pg. ID 351.)  But "credibility judgments … are prohibited" at the summary judgment stage, *Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010), and, in any event, the Magistrate Judge did not rely on Taylor's affidavit.  Because Weatherspoon has not presented evidence sufficient to create a genuine issue of material fact, Taylor is entitled to summary judgment.

## CONCLUSION

For the reasons discussed in this Order, **IT IS HEREBY ORDERED** that the MDOC's Motion for Summary Judgment (ECF #18) is **GRANTED** and Weatherspoon's Motions for Summary Judgment (ECF ##38-41) are **DENIED**.

11

**IT IS FURTHER ORDERED** that Weatherspoon's Motion to Extend (ECF #50) is **TERMINATED AS MOOT**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 31, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

12