UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

GEORGE LNU, *et al.*,

    Defendants.
_____/

Case No. 14-cv-12789
Hon. Matthew F. Leitman

**ORDER (1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF #73); AND (2) OVERRULING PLAINTIFF'S OBJECTIONS (ECF ##68, 69) TO THE MAGISTRATE JUDGE'S ORDERS GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF #65) AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF #66)**

In this action, Plaintiff Morris Weatherspoon ("Weatherspoon") – an inmate in the custody of the Michigan Department of Corrections ("MDOC") – alleges that several MDOC prison officials violated his First and Eighth Amendment Rights. (*See* ECF #1 at 2-4, Pg. ID 2-4). Specifically, Weatherspoon alleges that the Defendants restricted his access to, and failed to comply with, the prison's grievance-filing process in violation of the First Amendment and were deliberately indifferent to his medical needs in violation of the Eighth Amendment. (*See id.* at 4-8, Pg. ID 4-8.)

1

Weatherspoon properly served Defendants Jon Pavitt ("Pavitt"), Gail Wang ("Wang"), Eutrilla Taylor ("Taylor"), and Diana Hering ("Hering") with his Complaint. (*See* ECF ##11-14, Pg. ID 109-12.) On November 3, 2014, Pavitt, Wang, Taylor, and Hering submitted a joint Motion for Summary Judgment (*see* ECF #18 at 1, Pg. ID 137) to the assigned Magistrate Judge, who issued a Report and Recommendation ("R&R") on April 24, 2015 recommending that the Court grant the motion in their favor. (*See* ECF #49 at 11-12, Pg. ID 341-42.) The Court issued an Opinion and Order adopting the Magistrate Judge's R&R as the opinion of the Court and granted summary judgment in favor of Defendants Pavitt, Wang, Taylor, and Hering on the grounds that they were entitled to qualified immunity on all of Weatherspoon's claims. (*See* ECF #67 at 11, Pg. ID 465.) On September 11, 2015, Weatherspoon filed a document that he titled an "Objection" to the Court's order adopting the R&R. (*See* ECF #73 at 1, Pg. ID 492.) In the Objection, Weatherspoon complains that the Court erred in adopting the R&R. (*Id.*)

Weatherspoon also properly served his Complaint on Defendant Angela Vettraino ("Vettraino") on July 16, 2015. (*See* ECF #55 at 1, Pg. ID 398.) Vettraino then filed her own motion for summary judgment on August 4, 2015 and adopted the arguments that Defendants Pavitt, Wang, Taylor, and Hering made in their motion. (*See* ECF #61 at 7, Pg. ID 425.) The Magistrate Judge originally ordered Weatherspoon to respond to Vettraino's motion by August 28, 2015, but

he later agreed to extend the response deadline to October 30, 2015. (*See* ECF #65 at 1-2, Pg. ID 449-50). Weatherspoon now objects that the extension to October 30th is too short. (*See* ECF #68 at 1-2, Pg. ID 467-68).

Weatherspoon still has not served Defendants Susan George ("George"), Tamara Scheppelman ("Scheppelman"), or a Defendant whom Weatherspoon has identified only as "Woern," with the Complaint in this case. Weatherspon was originally required to provide the correct address for these Defendants by August 24, 2015. However, the Magistrate Judge has agreed to extend that deadline to October 30, 2015. (*See* ECF #65 at 1-2, Pg. ID 449-50). Weatherspoon also objects that this extension is too short. (*See* ECF #68 at 1-2, Pg. ID 467-68).

Finally, Weatherspoon filed a motion to appoint counsel on August 20, 2015. (*See* ECF #64 at 1, Pg. ID 438.) The Magistrate Judge issued an Order denying Weatherspoon's motion on August 25, 2015. (*See* ECF #66 at 2, Pg. ID 453). Weatherspoon has also objected to the Magistrate Judge's Order denying appointment of counsel. (*See* ECF # 66 at 1, Pg. ID 481.)

For the reasons provided below, the Court (1) **OVERRULES** Weatherspoon's Objection (ECF #68) to the Order Granting in Part and Denying in Part Plaintiff's Motion for Extension of Time (ECF #65), (2) **OVERRULES** Weatherspoon's Objection (ECF #69) to the Order Denying Motion for Appointment of Counsel (ECF #66), (3) deems the Objection (ECF #73) to be a

motion for reconsideration of the Court's order adopting the R&R, and (4) **DENIES** the motion for reconsideration.

A. **The Magistrate Judge's Sixty-Day Time Extensions Provide Weatherspoon Ample Time to Respond to Vettraino's Motion for Summary Judgment and to Provide Correct Addresses for the Unserved Defendants**

The Magistrate Judge gave Weatherspoon an additional sixty days to respond to Vettraino's motion for summary judgment and to provide correct addresses for the unserved Defendants. The Magistrate Judge determined that the sixty-day extension was sufficient to account for Weatherspoon's *pro se* status, his alleged "pain with disability and disfigurement both mentally and physically," and his temporary placement in administrative segregation. (*See* ECF #65. at 1-2, Pg. ID 449-50.)

Weatherspoon wants more time – until January 16, 2016 – to respond to the motion and provide the addresses. (*See* ECF #68 at 1-2, Pg. ID 467-68.) Weatherspoon claims that a jury trial for another action in which he is a litigant (which is scheduled for October 26, 2015) interferes with his ability to comply with the Magistrate Judge's Order. (*Id.*) He also asserts that the Michigan Attorney General has not responded to his discovery requests for the remaining Defendants' addresses. (*Id.*)

The Court concludes that the Magistrate Judge's sixty-day extension properly accounted for Weatherspoon's circumstances and provided him with a

lengthy and reasonable time period in which to comply with the Court's orders. Moreover, Weatherspoon's voluminous filings in this case demonstrate to the Court that he has ample time to devote to this case. Thus, the Court overrules Weatherspoon's objection to the Order requiring him to respond to Vettraino's motion for summary judgment and provide correct addresses for the unserved Defendants by October 30, 2015.

**B.   Weatherspoon's Case Does Not Merit Appointment of Counsel**

Weatherspoon filed a motion to appoint counsel on October 29, 2014. (*See* ECF #15 at 1, Pg. ID 113.) The Magistrate Judge denied that motion on November 7, 2014, but included the following caveat: "Should Weatherspoon's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time." (ECF #23 at 2, Pg. ID 239.)

Weatherspoon filed a renewed motion to appoint counsel on August 20, 2015. (*See* ECF #64 at 1, Pg. ID 438.) Once again, the Magistrate Judge denied Weatherspoon's motion because Weatherspoon had not survived dispositive motion practice. (*See* ECF #66 at 2-3, Pg. ID 452-53.) Weatherspoon objects to the Magistrate Judge's denial of his motion to appoint counsel, arguing that prison officials are intentionally hindering his efforts to pursue non-frivolous claims by restricting his access to the prison law library and photocopier. (*See* ECF #69 at 1-2, Pg. ID 481-82.)

Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances, which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted)." The Court is not persuaded that Weatherspoon's claims warrant the appointment of counsel at this time. As a result, Weatherspoon's objection is overruled.

**C.  The Court Denies Weatherspoon's Motion for Reconsideration Because He Has Identified No Palpable Defect With the Court's Opinion and Order Adopting the Magistrate Judge's R&R**

On August 31, 2015, this Court issued an Order adopting the Magistrate Judge's Report and Recommendation recommending that this Court grant summary judgment in favor of Defendants Hering, Wang, Pavitt, and Taylor because they were entitled to qualified immunity with respect to all of Weatherspoon's claims. (*See* ECF #67 at 2-3, Pg. ID 456-57.)

On September 11, 2015, Weatherspoon filed his "Objection to the Adoption the [sic] Report and Recommendation as the the [sic] Opinion of the Court (Doc. No. 67) Consistent to [sic] Fed. R. Civ. P., Rule 72; E.D. MI. L.R. 72.1(d)(2)." (ECF #73 at 1, Pg. ID 492.) The Court will construe Weatherspoon's objection as a motion for reconsideration of the Opinion and Order adopting the R&R (the

"Motion for Reconsideration"), though the motion is styled as an objection to the Magistrate Judge's R&R.

On a motion for reconsideration, a movant must demonstrate that the court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to rehash old arguments, nor to proffer new arguments or evidence that the movant could have presented earlier. *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Weatherspoon has not identified any palpable defect with the Court's adoption of the Magistrate Judge's R&R. His Motion for Reconsideration simply rehashes arguments this Court has already determined to be meritless. For example, Weatherspoon claims that prison officials denied him adequate medical care when they "only provided 4 tablets" of pain relief medication. (ECF #73 at 4, Pg. ID 495). The Court rejected this argument because it "boils down to [Weatherspoon's] apparent disagreement with the type and/or quantity of pain medication" he received. (ECF #67 at 6, Pg. ID 460.) Additionally, Weatherspoon reasserts that the Defendants retaliated against him in violation of the First

Amendment by failing to process his grievance forms. (*See* ECF #73 at 5, Pg. ID 496.) The Court also rejected this argument because Weatherspoon never provided any evidence that the Defendants took adverse action or harbored any animus against him. (*See* ECF #67 at 11, Pg. ID 465.)

Even a generous reading of Weatherspoon's Motion for Reconsideration reveals that he has done nothing more than reargue his Eighth Amendment deliberate indifference claims and his First Amendment retaliation claims. Weatherspoon has therefore failed to show a palpable defect with the Court's Order adopting the R&R and the Court denies his Motion for Reconsideration.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Weatherspoon's Objection to the Magistrate Judge's Order Granting in Part and Denying in Part Plaintiff's Motion for Extension of Time (ECF #68) is **OVERRULED.**

- Weatherspoon shall provide the correct addresses for all unserved Defendants and respond to Defendant Vettraino's Motion for Summary Judgment by **October 30, 2015**;

- Weatherspoon's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for Appointment of Counsel (ECF #69) is **OVERRULED**; and

- Weatherspoon's Motion for Reconsideration (ECF #73) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 5, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 5, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
