UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON, #471817,

                Plaintiff,          Civil Action No. 14-12789
                                                    Honorable Matthew F. Leitman
v.                                               Magistrate Judge David R. Grand

GEORGE LNU, *et al.*,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
ANGELA VETTRAINO'S MOTION FOR SUMMARY JUDGMENT [61]**

Before the Court is the Motion for Summary Judgment filed on August 4, 2015, by Defendant Angela Vettraino ("Vettraino"), an employee of the Michigan Department of Corrections ("MDOC"). (Doc. #61). Plaintiff Morris Weatherspoon ("Weatherspoon"), an incarcerated person, filed a response[1] to Vettraino's motion (Doc. #76), and no reply was filed.

An Order of Reference was entered on October 30, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #16). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant Vettraino's Motion for Summary Judgment [**61**] be **GRANTED**.

---

[1] Weatherspoon's filing is actually captioned "Memorandum in Support of the Plaintiff's Motion to Strike and Oppose Defendants Vettraino and Abdullatif Motion for Summary Judgement [sic]." (Doc. #76). Review of the document's substance, however, makes clear that it is actually a response to Vettraino's motion, not a motion seeking affirmative relief.

**II.     REPORT**

    **A.     Background**

Weatherspoon is currently incarcerated at the MDOC's Marquette Branch Prison in Marquette, Michigan, but the conduct about which he complains took place at the Macomb Correctional Facility in New Haven, Michigan. On July 3, 2014, Weatherspoon commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. #1).

At issue in the instant motion are the allegations Weatherspoon makes in his complaint against Vettraino. Specifically, in paragraph 13 of his complaint, Weatherspoon alleges that, on three occasions – January 31, 2013, March 10, 2013, and April 8, 2013 – he was suffering from "severe and intense leg pain," at which time various individuals (Defendants Abdellatif, "Tammy," Herring, and Vettraino) collectively denied him prescribed pain relief medication. (Doc. #1 at ¶13). Weatherspoon does not specify in his complaint which individual defendant allegedly denied what pain medication or on what date. In response to Vettraino's motion for summary judgment, however, Weatherspoon attempts to clarify his allegations, asserting that, on January 31, 2013, Vettraino denied him medication for his leg pain, as well as "access to a doctor." (Doc. #76 at 4).[2] Weatherspoon asserts that Vettraino's delay in providing him such pain relief medication and access to a physician constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. #1 at ¶20). Weatherspoon further alleges that Vettraino's actions in this respect (as well as those of several other named

---

[2] Weatherspoon also alleges that Vettraino was deliberately indifferent in failing to provide "weekly blood pressure checks for over a period of 41 days." (Doc. #76 at 5). However, he has offered no evidence whatsoever that such blood pressure checks were necessary and/or prescribed by a physician. Thus, he has failed to raise a material question of fact as to this issue.

defendants) were a "… menacing, malicious, egregious abuse of authority and they engaged in conduct that is shocking to the conscience which is a violation under the fourteenth amendment to the United States constitution …." (*Id.* at ¶23).

### B. Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion."

*Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

**C.** **Analysis**

In her motion, Vettraino argues that summary judgment in her favor is warranted on qualified immunity grounds.[3] (Doc. #61 at 7-9 (incorporating Doc. #18)). Specifically, Vettraino argues that because she did not violate Weatherspoon's clearly established rights under the Eighth or Fourteenth Amendment, his claims are barred by the doctrine of qualified immunity. (*Id.*). As set forth in greater detail below, the Court finds merit to this argument.

*1.* *General Legal Standards*

Under the doctrine of qualified immunity, governmental officials performing discretionary functions are shielded from civil liability unless their conduct violates a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is premised upon the avoidance of unnecessary burdens of litigation, and therefore the privilege is an immunity from suit and not a mere defense to liability. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2)

---

[3] Vettraino also argues that summary judgment is appropriate because Weatherspoon failed to exhaust his administrative remedies. (Doc. #61 at 7-9). Because the Court finds that qualified immunity shields Vettraino from liability, however, it need not address the merits of her exhaustion argument. Thus, the Court will assume, for purposes of ruling on the instant motion, that Weatherspoon properly exhausted his claims against Vettraino.

4

the right was clearly established. *See Saucier*, 533 U.S. at 201. In conducting this inquiry, the court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011). Here, for the reasons discussed below, there is no evidence that Vettraino violated Weatherspoon's rights under the Eighth or Fourteenth Amendment; as such, qualified immunity bars his claims against her.

> 2. *Weatherspoon's Claims Against Vettraino are Barred by Qualified Immunity*

In his complaint, Weatherspoon pleads an Eighth Amendment claim against Vettraino. The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). An Eighth Amendment claim has two components, one objective and one subjective. To meet the objective prong, a plaintiff must demonstrate that he has been incarcerated under conditions posing a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective prong, a plaintiff must demonstrate that the defendant acted with deliberate indifference. *See Jones v. Michigan*, 698 F. Supp. 2d 905, 915 (E.D. Mich. 2010). More specifically, a plaintiff must demonstrate that a prison official knew of and disregarded an excessive risk to inmate health or safety by showing that (1) the official was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and (2) the official actually drew the inference. *See Farmer*, 511 U.S. at 837.

As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of

5

medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). The *Comstock* court further explained:

> When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation. On the other hand, a plaintiff need not show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.' Instead, 'deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'

*Id.* (internal citations omitted).

In his complaint, Weatherspoon alleges that on January 31, 2013, March 10, 2013, and April 8, 2013, he was suffering from "severe and intense" leg pain. (Doc. #1 at ¶13). Weatherspoon then alleges, generally, that, on one or more of these dates, Vettraino and three other named defendants "withheld [his] (recorded and documented) prescribed pain relief medication and prevented [him] access to a physician capable of evaluating [his] need for adequate treatment." (*Id.*). Weatherspoon does not specify exactly which actions Vettraino allegedly took or on what date(s), and Vettraino argues in her motion for summary judgment that his claims against her fail for this reason. (Doc. #61 at 8). In response to Vettraino's motion, Weatherspoon seeks to clarify his allegations against her, asserting that, on January 31, 2013, Vettraino "denied or delayed Plaintiff Weatherspoon access to a doctor, prescribed pain relief medication and weekly blood pressure for over a period of 41 days." (Doc. #76 at 4).

The problem for Weatherspoon, however, is that he has failed to raise a genuine issue of material fact as to Vettraino's alleged deliberate indifference on the date in question. Treatment notes in the record demonstrate that Weatherspoon was seen by a physician, Ramesh Kilaru,

6

M.D., for left leg pain on January 18, 2013. (Doc. #85-1 at 16-17).[4] Dr. Kilaru noted the "benign nature of the lesion," indicating that if it worsened it could be aspirated. (*Id.* at 17). He provided Weatherspoon with six tablets of 200 mg ibuprofen and advised him that a stronger dose of this medication (400 mg) would arrive soon, as it was being ordered. (*Id.*). Weatherspoon then saw a physician's assistant for his leg pain on January 29, 2013, at which time he was advised to purchase over-the-counter pain medication at the prison store. (*Id.* at 19). Two days later, when Weatherspoon saw Vettraino on the date in question, she examined his leg, and, by Weatherspoon's own admission, took his vital signs (which were normal) and measured the swelling in his leg. (*Id.* at 20; Doc. #76 at 5). Vettraino further noted that previous documentation suggested that "no diagnostic follow up" was necessary. (Doc. #85-1 at 20). Vettraino informed Weatherspoon of this fact and "suggested pain control." (*Id.*). Weatherspoon verbalized his understanding of this plan of treatment. (*Id.*).

It is clear, then, that Vettraino's actions do not amount to deliberate indifference to a serious medical need. As noted above, Vettraino, a registered nurse at MRF, examined Weatherspoon, obtaining his vital signs and measuring the swelling in his leg. (*Id.*). She noted that Weatherspoon had just been evaluated by both a doctor and a physician's assistant, who believed no diagnostic follow-up was necessary and recommended only over-the-counter medications. (*Id.*). Although Weatherspoon apparently asserts that Vettraino should have provided him with other medication and/or referred him to a specialist, evidence contained in the record makes clear that registered nurses are not authorized to take these actions (Doc. #18-2 at

---

[4] Weatherspoon urges the Court to consider "[his] medical records, [], record on file, documents on record…", as he believes these documents "squarely contradict the credibility, reliability and factual allegations of … Vettraino." (Doc. #76 at 11). While the Court does not assess credibility at the summary judgment stage, *Schreiber v. Moe*, 596 F.3d 323, 333 (6th Cir. 2010), it is appropriate for the Court to consider these documents in analyzing whether Weatherspoon has raised a material issue of fact.

7

¶3), and Weatherspoon has offered no evidence suggesting otherwise. Thus, where Weatherspoon admits (and the undisputed evidence establishes) that Vettraino provided him with medical attention on the date in question, and simply disagrees with Vettraino's decision not to provide him with additional or different medication or refer him to a specialist, summary judgment in Vettraino's favor is appropriate. *See, e.g., Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) ("In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment."); *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (holding that a difference of opinion or disagreement between a prisoner and prison medical staff over the kinds of treatment the prisoner needs do not rise to the level of deliberate indifference).[5]

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Vettraino's Motion for Summary Judgment [**61**] be **GRANTED**.

Dated: December 23, 2015                                        s/ David R. Grand
                                                                DAVID R. GRAND
                                                                UNITED STATES MAGISTRATE JUDGE

---

[5] Weatherspoon also asserts that Vettraino's actions were a "menacing, malicious, egregious abuse of authority" and were "shocking to the conscience," thus establishing a violation of the substantive due process clause of the Fourteenth Amendment. (Doc. #1 at ¶23). This conclusory assertion does not overcome Vettraino's well-supported motion. As the Sixth Circuit has explained, "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n. 4 (6th Cir. 1995). Here, where Vettraino's actions do not constitute deliberate indifference to a serious medical need, it follows that her conduct was not, as a matter of law, so reprehensible as to shock the Court's conscience. Thus, summary judgment is also appropriate on Weatherspoon's Fourteenth Amendment claim.

8

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 23, 2015.

                                                        s/Eddrey O. Butts
                                                        EDDREY O. BUTTS
                                                        Case Manager