UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON, #471817,

                Plaintiff,           Civil Action No. 14-12789
                                              Honorable Matthew F. Leitman
v.                                         Magistrate Judge David R. Grand

GEORGE LNU, *et al.*,

                Defendants.
_____/

**<u>REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE AGAINST
DEFENDANT WOERN FOR FAILURE TO TIMELY EFFECTUATE SERVICE</u>**

**1.    PROCEDURAL HISTORY**

On July 3, 2014, Plaintiff Morris Weatherspoon, now an inmate at the Marquette Branch Prison, filed his complaint in this case, pursuant to 42 U.S.C. §1983, against several defendants. (Doc. #1). On October 30, 2014, this case was referred to the undersigned for all pretrial purposes. (Doc. #16).

An inmate bringing a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving on him or her a summons and copy of the complaint. *See* Fed. R. Civ. P. 4. Where, as here, a plaintiff is proceeding without having to prepay the filing fee, the District Court bears the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service on the defendants once the plaintiff has properly identified them in the complaint. *See* Fed. R. Civ. P. 4(c)(3).

On September 18, 2014, the Clerk's Office received a letter from a representative of the Michigan Department of Corrections ("MDOC") indicating that service could not be accepted on

behalf of certain defendants for certain specified reasons. (Doc. #10). Subsequently, this Court directed the MDOC to provide additional information about five named defendants, so that the United States Marshal Service could again attempt service. (Doc. #40). These defendants were: "Woern (Social Worker)," "Dr. Abdullateef," "George LNU Psychiatrist," "Tammy (Nurse)," and "Angie (Nurse)." (*Id.*). At that time, Plaintiff was notified that, in the event that service could not be accomplished on these defendants at the addresses provided by the MDOC, he may be required supply the Court with the correct names and addresses of these defendants and/or to show cause why this action should not be dismissed, without prejudice, as against them. (*Id.*).

Subsequently, service was accomplished on two of the five defendants at the addresses provided by the MDOC (Defendants Dr. Abdellatif and Angela Vettraino). However, the Marshal was unable to serve Defendants Susan George, Tamara Scheppelman, or "Woern."

As a result, on August 3, 2015, the Court issued an Order directing Plaintiff to provide better addresses for these three defendants so that service could be effectuated. (Doc. #58). On October 8, 2015, Plaintiff responded to the Court's Order, indicating his belief that Defendant Susan George "is still the psychiatrist" at Macomb Correctional Facility ("MRF"), and Defendant Tamara Scheppelman "is still the nurse" at MRF. (Doc. #75 at 2). Plaintiff further indicated that he "does not know [the] standing of Defendant Woern," but suggested that perhaps she is employed by Corizon. (*Id.* at 1).

As a result, on November 3, 2015, the Court issued a second order directing the MDOC to provide additional information to the Marshal, on a confidential basis, about Defendants George, Scheppelman, and Woern so that service could be attempted on these defendants once more. (Doc. #88). Plaintiff was again advised that, in the event that service could not be accomplished on Defendants George, Scheppelman, and/or Woern at the addresses provided by

the MDOC, his action may be dismissed, without prejudice, as against these defendants. (*Id.*).

On January 13, 2016, executed waiver of service forms were filed on behalf of two of these defendants – (Susan) George and (Tammy) Scheppelman. (Docs. #102, 103). However, the waiver of service form for Defendant Woern was again returned unexecuted, this time with a letter from Nicole Willson of the MDOC's Litigation Section indicating that Woern "is no longer employed by the State of Michigan, and there is no address on file." (Doc. #98 at 1).[1] In sum, despite multiple attempts to secure a valid address where Defendant Woern could be served, the Court was unable to obtain one.

Accordingly, on January 11, 2016, Plaintiff was ordered to show cause, in writing, by January 29, 2016, why his complaint should not be dismissed without prejudice as against Defendant Woern. (Doc. #101). Plaintiff was again advised that it is his responsibility to supply the Court with the correct name and address of this defendant and/or to show cause why this action should not be dismissed, without prejudice, as against her. (*Id.*).

On January 29, 2016, Plaintiff filed a response to the Order to Show Cause, indicating, *inter alia*, his belief that the address of Defendant Woern, a licensed social worker, could be obtained through the "State of Michigan Department of Licensing and Regulatory Affairs, Bureau of Health Care Services …." (Doc. #104 at 2). While it would not be appropriate for the Court to conduct independent research into Defendant Woern's identity and/or whereabouts, *see e.g., Smith v. Palmer*, 2011 WL 2623301 at *1 (E.D. Mich. Jul. 5, 2011) ("The ironclad prohibition on courts rendering legal advice to litigants does not change merely because a party elects to proceed *pro se*."), the Court did review the referenced public body's website, and was

---

[1] While Willson's assertion that no address could be found for Defendant Woern is unusual, the Court notes that Willson's office identified the addresses (and full names) for defendants George and Scheppelman, which enabled the Marshals to serve them. Thus, the Court has no reason to doubt Willson's statement regarding Defendant Woern.

3

nevertheless unable to locate an address for Defendant Woern.

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court must dismiss the action without prejudice as to that defendant. "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). It is a plaintiff's burden to establish good cause for failing to timely effectuate service. *See Habib*, 15 F.3d at 73. Further, Local Rule 41.2 provides that if the parties "have taken no action for a reasonable time," the Court may enter an order dismissing the case for lack of prosecution.

It has now been more than eighteen months since Plaintiff filed his complaint in this case, and despite being given multiple opportunities, he has failed to provide the Court with a correct address where Defendant Woern can be served. At this point, with all other Defendants having been served, the case simply must go forward with respect to those Defendants. Therefore, pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2, the Court recommends that Plaintiff's complaint against Defendant Woern be dismissed without prejudice. *See Abel v. Harp*, 122 F. App'x 248, 250 (6th Cir. 2005) (citing *Byrd*, 94 F.3d at 219).

## III.   RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's complaint against Defendant Woern be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) and E.D. Mich. L.R. 41.2.

Dated: February 8, 2016                                  s/David R. Grand
Ann Arbor, Michigan                                        DAVID R. GRAND
                                                                        United States Magistrate Judge

4

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 8, 2016.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager