UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

GEORGE LNU, *et al.*

    Defendants.

_____/

Case No. 14-cv-12789
Hon. Matthew F. Leitman

**<u>OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF ## 109, 110); (2) ADOPTING THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS (ECF ## 96, 97) AS THE OPINIONS OF THE COURT; (3) DENYING PLAINTIFF'S MOTION TO STRIKE (ECF #113); AND (4) GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (ECF ## 61, 83)</u>**

**INTRODUCTION**

Plaintiff Morris Weatherspoon ("Weatherspoon") is an inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Weatherspoon alleges that Defendants Dr. Badawi Abdellatif ("Dr. Abdellatif") and Angela Vettraino ("Vettraino") (collectively, "Defendants") violated his Eighth and Fourteenth Amendment rights by acting with deliberate indifference to his medical needs.[1] Dr. Abdellatif and Vettraino have moved for summary

---

[1] On August 31, 2015, the Court granted summary judgment in favor of MDOC Defendants Jon Pavitt, Gail Wang, Eutrilla Taylor, and Diana Hering. (*See* ECF #67.)

1

judgment. (*See* ECF ## 61, 83.) The assigned Magistrate Judge has now issued two Reports and Recommendations (the "R&Rs") in which he recommends that the Court grant summary judgment in favor of both Dr. Abdellatif (*see* ECF #96; hereinafter the "Dr. Abdellatif R&R") and Vettraino (*see* ECF #97; hereinafter the "Vettraino R&R"). Weatherspoon has filed timely Objections to both R&Rs (collectively, the "Objections"). (*See* ECF ## 109, 110.) Weatherspoon has also filed a Motion to Strike the motions for summary judgment filed by Vettraino and Dr. Abdellatif. (*See* ECF #113.) For the reasons explained below, the Court **OVERRULES** Weatherspoon's Objections in their entirety, **ADOPTS** both of the R&Rs as the Opinions of the Court, **DENIES** Weatherspoon's Motion to Strike, and **GRANTS** summary judgment in favor of Defendants Dr. Abdellatif and Vettraino.

## FACTS RELEVANT TO WEATHERSPOON'S OBJECTIONS

In January 2013, the MDOC housed Weatherspoon at the Kinross Correctional Facility (the "KCF"). On January 18, 2013, Weatherspoon was treated for leg pain by KCF physician Dr. Ramesh Kilaru ("Dr. Kilaru"). Dr. Kilaru observed that Weatherspoon had a lump on his left leg, and he advised Weatherspoon of the "benign nature of the lesion." (ECF #85-1 at 17, Pg. ID 613.) Dr. Kilaru prescribed Weatherspoon over-the-counter pain medication, and he

2

listed February 2, 2013, as the date on which Weatherspoon should stop taking that medication. (*See id.* at 17-18, Pg. ID 613-14.)

On or around January 28, 2013, the MDOC transferred Weatherspoon to the Macomb Correctional Facility (the "MRF"). (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 5, Pg. ID 578; ECF #85-1 at 18, Pg. ID 614.) When Weatherspoon arrived at the MRF, he received a medical examination from a physician's assistant. The physician's assistant noted that Weatherspoon had a "history of thigh pain and [a] 'lump'," and the physician's assistant advised Weatherspoon to purchase over-the-counter pain medication from the prison store. (*Id.* at 19, Pg. ID 615.)

Three days later, on January 31, 2013, Dr. Abdellatif and Vettraino (an MDOC registered nurse) performed another medical examination of Weatherspoon. (*See* Pl.'s Resp. Br., ECF #76 at 4, Pg. ID 515; Dr. Abdellatif Decl., ECF #83-2 at ¶ 6, Pg. ID 578.) Dr. Abdellatif observed that Weatherspoon's medical records indicated that the lump on Weatherspoon's thigh was benign, and Dr. Abdellatif did not see any indications that Weatherspoon's condition had worsened since his prior evaluations. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 6, Pg. ID 578.) At the conclusion of the examination, Dr. Abdellatif "suggested that Weatherspoon attempt to control his pain with the [400 milligrams of Motrin] he had been prescribed." (*Id.*) Weatherspoon "verbalized [his] understanding" of Dr. Abdellatif's recommendation. (*See* ECF #85-1 at 20, Pg. ID 616.)

On March 9, 2013, Dr. Abdellatif saw Weatherspoon again after Weatherspoon claimed that he needed a bottom bunk accommodation due to the pain in his leg. (*See id.* at 24, Pg. ID 620.) Dr. Abdellatif examined Weatherspoon and noted that the lump on Weatherspoon's thigh felt "like a thight [sic] muscle cord." (*Id.*) Dr. Abdellatif also observed that Weatherspoon had a normal range of motion, that he was able to bend his leg at the knee without difficulty, and that the lump was not painful when palpitated. (*See id.*) And despite Weatherspoon's claims that he suffered from intractable pain in his leg, Weatherspoon refused to give the nurse a pain rating when asked. (*See id.*) The MDOC subsequently denied Weatherspoon's request for a bottom bunk accommodation.

The next day, Weatherspoon sought medical attention on two separate occasions for chest pain. (*See id.* at 25-30; Pg. ID 621-26.) But when Weatherspoon arrived for treatment, he did not complain of any chest pain. Instead, he again requested a bottom bunk accommodation (which the MDOC had previously denied), and a referral to an outside specialist to examine the lump on his left leg. (*See id.* at 26, 32, Pg. ID 622, 628.) Dr. Abdellatif determined that Weatherspoon did not require an outside evaluation, and he prescribed Weatherspoon 325 milligrams of acetaminophen for his leg pain. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 10, Pg. ID 580.)

Dr. Abdellatif performed his final evaluation of Weatherspoon on April 8, 2013. During that visit, Weatherspoon complained that swelling had spread to his lower right leg, and he claimed that his pain began radiating to his thigh, back, and chest. (*See* ECF #85-1 at 37, Pg. ID 633.) But Dr. Abdellatif observed no change in the lump on Weatherspoon's leg, and he continued the same course of treatment. (*See id.* at 39, Pg. ID 639.)

On April 29, 2013, the MDOC transferred Weatherspoon from the MRF, and he was no longer under the care of Dr. Abdellatif or Vettraino after that time. (*See id.* at 40-41, Pg. ID 640-41.)

## PROCEDURAL HISTORY

**A.   The Claims**

Weatherspoon filed this action on July 3, 2014. (*See* Compl., ECF #1.) Weatherspoon alleges, among other things, that Dr. Abdellatif and Vettraino violated his Eighth Amendment rights by showing deliberate indifference to his medical needs. (*See id.*)

**B.   Vettraino's Motion for Summary Judgment and the R&R With Respect to Vettraino's Motion**

On August 4, 2015, Vettraino filed a motion for summary judgment. (*See* ECF #61.) Weatherspoon responded to Vettraino's motion on October 8, 2015. (*See* ECF #76.) On December 23, 2015, the Magistrate Judge issued the Vettraino R&R in which he recommended that the Court grant summary judgment in favor

of Vettraino (*See* Vettraino R&R, ECF #97.) In the Vettraino R&R, the Magistrate Judge concluded that (1) there is undisputed evidence on the record establishing that Vettraino provided medical care to Weatherspoon, and (2) Weatherspoon simply disagrees with the course of Vettraino's treatment. (*See id.* at 7-8, Pg. ID 725-26.)

On February 23, Weatherspoon filed objections to the Vettraino R&R and a motion to strike her motion for summary judgment. (*See* ECF ## 110, 113.) Weatherspoon argues that Vettraino showed deliberate indifference to his medical needs by delaying and/or preventing his access to medical care. (*See id.*) Specifically, Weatherspoon claims that Vettraino blocked his access to a physician at the MRF on January 31, 2013, and refused to provide him with pain medication on that date. (*See id.* at 1, Pg. ID 755.) Weatherspoon also objects that Vettraino continued to deny him access to a physician and pain medication until March 10, 2013. (*See id.* at 2, Pg. ID 756.)[2]

---

[2] Weatherspoon also objects that the Magistrate Judge incorrectly determined that he (Weatherspoon) failed to exhaust his administrative remedies. (*See* ECF #110 at 3, Pg. ID 757.) But the Magistrate Judge never concluded that Weatherspoon failed to exhaust his administrative remedies. Instead, the Magistrate Judge assumed without deciding that Weatherspoon did exhaust his administrative remedies. (*See* Dr. Abdellatif R&R, ECF #96 at 4 n.2, Pg. ID 711; Vettraino R&R, ECF #97 at 4 n.3, Pg. ID 722.) Accordingly, the Court overrules Weatherspoon's objection based upon the Magistrate Judge's purported conclusion that Weatherspoon failed to exhaust his administrative remedies.

## C. Dr. Abdellatif's Motion for Summary Judgment and the R&R With Respect to Dr. Abdellatif's Motion

On October 28, 2015, Dr. Abdellatif filed a motion for summary judgment. (*See* ECF #83.) Weatherspoon responded to Dr. Abdellatif's motion on November 23, 2015. (*See* ECF #90.) On December 23, 2015, the Magistrate Judge issued the Dr. Abdellatif R&R in which he recommended that the Court grant summary judgment in favor of Dr. Abdellatif. (*See* Dr. Abdellatif R&R, ECF #96.)

In the Dr. Abdellatif R&R, the Magistrate Judge concluded that Weatherspoon failed to present evidence that Dr. Abdellatif acted with deliberate indifference to his medical needs. (*See id.*) The Magistrate Judge noted that Dr. Abdellatif treated Weatherspoon for his leg pain on multiple occasions and provided him with pain medication. (*See id.* at 8-9, Pg. ID 716.) The Magistrate Judge further explained that Weatherspoon's deliberate indifference claim failed because it rested upon Weatherspoon's mere disagreement with the course of Dr. Abdellatif's treatment. (*See id.*)

On February 23, Weatherspoon filed objections to the Dr. Abdellatif R&R and a motion to strike his motion for summary judgment. (*See* ECF ## 109, 113.) Weatherspoon argues that Dr. Abdellatif was deliberately indifferent to his medical needs. (*See id.*) He insists that Dr. Abdellatif "had knowledge, information, and aware [sic] of the facts Plaintiff Weatherspoon had a serious medical need which required treatment from specialist [sic] and or surgical removal" and that

7

"Defendant Abdellatif intentionally deprived or delayed access to medical care" and to pain medication. (*Id.* at 1, Pg. ID 751.)

## GOVERNING LEGAL STANDARD

This Court reviews *de novo* the portions of the R&Rs to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3).

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Servs., Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

8

## ANALYSIS

### A. Deliberate Indifference Framework

The Court analyzes Weatherspoon's deliberate indifference claims against Dr. Abdellatif and Vettraino under the same legal framework. There are two components to an Eighth Amendment deliberate indifference claim, one objective and the other subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, the plaintiff must show "that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). To satisfy the subjective component of a deliberate indifference claim, the plaintiff must show "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that [s]he did in fact draw the inference, and that [s]he then disregarded that risk." *Id.*

In the R&Rs, the Magistrate Judge did not explicitly determine whether the lump on Weatherspoon's leg and the associated pain he experienced constituted a "sufficiently serious" medical need. Instead, the Magistrate Judge stated that "[e]ven assuming that the lump on Weatherspoon's left leg was 'sufficiently serious' to satisfy the objective component of an Eighth Amendment claim, Weatherspoon has failed to establish the subjective element of such a claim." (Dr.

9

Abdellatif R&R, ECF #96 at 8, Pg. ID 715.) Accordingly, the Court will assess whether Weatherspoon established the subjective component of the deliberate indifference framework.[3]

## B. The Magistrate Judge Correctly Determined that Vettraino is Entitled to Summary Judgment on Weatherspoon's Deliberate Indifference Claim

The evidence in the record does not support Weatherspoon's contention that Vettraino prevented him from seeing a physician on January 31, 2013, or at any other time while he was incarcerated at the MRF. In fact, the available evidence shows just the opposite. Weatherspoon's January 31, 2013, medical records[4] show that Vettraino assisted Dr. Abdellatif during a medical examination of Weatherspoon three days after Weatherspoon arrived at the MRF. (*See* ECF #85-1

---

[3] Nonetheless, the Court has performed a thorough review of Weatherspoon's medical records and is skeptical that Weatherspoon has met the objective component of the deliberate indifference standard lth. Two medical doctors – Dr. Kilaru and Dr. Abdellatif – determined that the lesion on Weatherspoon's left leg was benign. (*See* ECF #85-1 at 17, Pg. ID 613; Dr. Abdellatif Decl., ECF #83-2 at ¶ 6, Pg. ID 561.) Furthermore, both Dr. Kilaru and Dr. Abdellatif treated Weatherspoon's pain with over-the-counter medication. (*See id.*) Medical records also indicate that Weatherspoon had a full range of motion in his left leg and was frequently smiling during his examinations. (*See* ECF #85-1 at 17, 32, Pg. ID 613, 628.) Weatherspoon has offered only bare assertions, without evidentiary support, that his pain posed a serious and significant threat to his health.

[4] Weatherspoon has made numerous allegations that Dr. Abdellatif, Vettraino, or the MDOC falsified his medical records and that the Magistrate Judge therefore erred by relying on them. (*See* Objections, ECF #109 at 3, Pg. ID 753; ECF #110 at 5, Pg. ID 759.) Weatherspoon has provided no support for these allegations and the Court therefore rejects them.

at 20, Pg. ID 616.) Dr. Abdellatif also provided a declaration to the Court affirming that he treated Weatherspoon on January 31, 2013. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 6, Pg. ID 561.) And Weatherspoon has not identified any evidence in the record showing that Vettraino ever blocked his access to Dr. Abdellatif (or any other prison physician or healthcare professional) at any other time while he was incarcerated at the MRF.

Weatherspoon also has not provided any evidence showing that Vettraino prevented him from obtaining pain medication (whether on January 31, 2013, or at any other time while he was incarcerated at the MRF). If anything, the evidence establishes that Vettraino had no say in Weatherspoon's pain management regimen. On January 31, 2013, Dr. Abdellatif – not Vettraino – instructed Weatherspoon to attempt to control his pain with the over-the-counter medication he had already been prescribed when he arrived at the MRF. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 6, Pg. ID 561.) And during a later medical consultation, a physician's assistant at the MRF informed Weatherspoon that he could purchase over-the-counter pain medication from the prison store. (*See* ECF #85-1 at 19, Pg. ID 615.) Weatherspoon has not presented any evidence that Vettraino played any role in determining or influencing the type or amount of pain medication that was provided to him.

11

For these reasons, the Court **OVERRULES** Weatherspoon's objections to the Vettraino R&R.

C. **The Magistrate Judge Correctly Determined that Dr. Abdellatif is Entitled to Summary Judgment on Weatherspoon's Deliberate Indifference Claim**

There is no evidence that Dr. Abdellatif deprived Weatherspoon of, or delayed his access to, medical care or pain medication. Instead, the evidence shows that Dr. Abdellatif provided Weatherspoon with a "competent and conscientious course of medical treatment" for his leg pain. *Selby v. Martin*, 84 Fed. App'x 496, 499 (6th Cir. 2003).

Dr. Abdellatif began his course of treatment by reviewing Dr. Kilaru's prior medical assessments of Weatherspoon. Dr. Kilaru had concluded that the lesion on Weatherspoon's leg was benign and stated only that the lesion could be aspirated "if it gets worse." (ECF #85-1 at 17, Pg. ID 613.) When Dr. Abdellatif physically examined the lesion on January 31, 2013, he concluded that the lesion had not worsened since Dr. Kilaru's assessment and did not require aspiration. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 10, Pg. ID 580.) And when Dr. Abdellatif evaluated Weatherspoon again on March 10, 2013, his opinion about the lesion did not change. (*See id.*) Weatherspoon has not presented any evidence that Dr. Abdellatif subjectively recognized, and then disregarded, any serious medical risk posed by Weatherspoon's thigh lesion.

12

Weatherspoon has also failed to show that Dr. Abdellatif denied him pain medication. Dr. Abdellatif provided Weatherspoon with a prescription for 325 milligrams of Tylenol to take up to three times a day after examining him on March 10, 2013. (*See id.* at ¶ 9, Pg. ID 580; *see also* ECF #85-1 at 32, Pg. ID 628.) Dr. Abdellatif continued the same course of treatment after he evaluated Weatherspoon on April 8, 2013, and concluded that his condition had not worsened. (*See* Dr. Abdellatif Decl., ECF #83-2 at ¶ 11, Pg. ID 581.) Weatherspoon simply has not pointed to any evidence that Dr. Abdellatif was deliberately indifferent to his (Weatherspoon's) pain.

At bottom, Weatherspoon simply disagrees with the course of treatment prescribed by Dr. Abdellatif. Disagreement with a physician's course of treatment, however, is not sufficient to show deliberate indifference to serious medical needs. *See Selby*, 84 Fed. App'x at 499. And in cases where "the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment." *Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) (citing *McFarland v. Austin*, 196 Fed. App'x 410, 411 (6th Cir. 2006)).

For these reasons, the Court **OVERRULES** Weatherspoon's objection to the Dr. Abdellatif R&R.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED** that:

- Weatherspoon's Objections (ECF ## 109, 110) are **OVERRULED** in their entirety;

- The Magistrate Judge's R&Rs (ECF ## 96, 97, 107) are **ADOPTED** as the Opinions of the Court;

- Weatherspoon's Motion to Strike (ECF #113) is **DENIED**;

- Defendant Vettraino's motion for summary judgment (ECF #61) is **GRANTED**; and

- Defendant Dr. Abdellatif's motion for summary judgment (ECF #83) is **GRANTED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113