UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON, #471817,

                 Plaintiff,                 Civil Action No. 14-12789
                                                    Honorable Matthew F. Leitman
v.                                                        Magistrate Judge David R. Grand

GEORGE LNU, *et al.*,

                 Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [116]

Before the Court is the Motion for Summary Judgment filed on March 15, 2016, by Defendants Susan George ("George") and Tamara Scheppelman ("Scheppelman")[1] (collectively "Defendants"), employees of the Michigan Department of Corrections ("MDOC"). (Doc. #116). Plaintiff Morris Weatherspoon ("Weatherspoon"), an incarcerated person, filed responses[2] to this motion on April 29, 2016 (Docs. #123-126), and no reply was filed.

An Order of Reference was entered on October 30, 2014, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. §636(b). (Doc. #16). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

---

[1] In the complaint, these two defendants are referred to as "Unknown George" and "Tammy Unknown." (Doc. #1).

[2] Weatherspoon's filings consist of a "Motion to Strike and Deny Defendant George and Scheppelman's Motion to Dismiss on Grounds of Qualified Immunity," a "Statement of Disputed Factual Issues Concerning Defendant George," a "Statement of Disputed Factual Issues Concerning Defendant Scheppelman," and an Affidavit in opposition to Defendants' motion for summary judgment. (Docs. #123-126).

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment [**116**] be **GRANTED**.

**II.    REPORT**

   **A.    Background**

Weatherspoon is currently incarcerated at the MDOC's Marquette Branch Prison in Marquette, Michigan, but the conduct about which he complains took place at the Macomb Correctional Facility in New Haven, Michigan. On July 3, 2014, Weatherspoon commenced this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. (Doc. #1).

At issue in the instant motion are the allegations Weatherspoon makes against George and Scheppelman.[3] Specifically, Weatherspoon alleges that, on March 10, 2013, he was suffering from "severe and intense leg pain," at which time various individuals (including Scheppelman) denied him prescribed pain relief medication. (Doc. #1 at ¶13; Doc. #123 at 14). Weatherspoon does not specify in his complaint which individual defendant allegedly denied what pain medication. Weatherspoon asserts that Scheppelman's delay in providing him such pain relief medication, as well as access to a physician, constitutes deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. #1 at ¶20). Weatherspoon further alleges that Scheppelman's actions in this respect (as well as those of several other named defendants) were a "… menacing, malicious, egregious abuse of authority and they engaged in conduct that is shocking to the conscience which is a violation under the fourteenth amendment

---

[3] Weatherspoon's claims against all of the other named defendants have been dismissed by the Court.

2

to the United States constitution …." (*Id.* at ¶23).

With respect to George, Weatherspoon alleges that, on March 21, 2013, she denied his request to be discharged and/or terminated from anti-psychotic medications and the "mental health program." (*Id.* at ¶15; Doc. #123 at 10). Weatherspoon further alleges that George forcibly administered psychotropic drugs against his will, despite knowing the "risk of combining multiple antipsychotic drugs …." (Doc. #123 at 10). Weatherspoon appears to allege that George's actions in this respect constituted deliberate indifference to a serious medical need and a violation of his due process rights.

### B. Standard of Review

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts

showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

**C.     Analysis**

In their motion, Defendants argues that summary judgment in their favor is warranted on qualified immunity grounds.[4] (Doc. #116 at 8-9 (incorporating Docs. #18, 83)). Specifically, Defendants argue that because they did not violate Weatherspoon's clearly established rights under the Eighth or Fourteenth Amendment, his claims are barred by the doctrine of qualified immunity. (*Id.*). As set forth in greater detail below, the Court finds merit to this argument.

   *1.     General Legal Standards*

Under the doctrine of qualified immunity, governmental officials performing discretionary functions are shielded from civil liability unless their conduct violates a clearly established constitutional right. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified

---

[4] Defendants also argue that summary judgment is appropriate because Weatherspoon failed to exhaust his administrative remedies. (Doc. #116 at 8). Because the Court finds that qualified immunity shields Defendants from liability, however, it need not address the merits of their exhaustion argument. Thus, the Court will assume, for purposes of ruling on the instant motion, that Weatherspoon properly exhausted his claims against George and Scheppelman.

immunity is premised upon the avoidance of unnecessary burdens of litigation, and therefore the privilege is an immunity from suit and not a mere defense to liability. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). Determining the applicability of qualified immunity requires a two-step inquiry into whether the facts, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established. *See Saucier*, 533 U.S. at 201. In conducting this inquiry, the court is "permitted to exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *see also Bishop v. Hackel*, 636 F.3d 757, 772 (6th Cir. 2011). Here, for the reasons discussed below, there is no evidence that Defendants violated Weatherspoon's rights under the Eighth or Fourteenth Amendment; as such, qualified immunity bars his claims against them.

### 2. *Weatherspoon's Claims Against Scheppelman are Barred by Qualified Immunity*

In his complaint, Weatherspoon asserts an Eighth Amendment deliberate indifference claim against Scheppelman. In order to succeed on a deliberate indifference claim, a plaintiff must satisfy two elements – one objective and one subjective. Specifically, he must show that he had a serious medical need (the objective prong) and that the defendants, being aware of that need, acted with deliberate indifference to it (the subjective prong). *See Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010).

With respect to the subjective prong, the plaintiff must show that the defendants possessed "a 'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Corr. Medical Servs., Inc.*, 478 F. App'x 971, 975 (6th Cir. 2012) (quoting *Horn v. Madison County Fiscal Court*, 22 F.3d

5

653, 660 (6th Cir. 1994)). As the Sixth Circuit has recognized, the requirement that the official subjectively perceived a risk of harm and then disregarded it is "meant to prevent the constitutionalization of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

In his complaint, Weatherspoon alleges that on January 31, 2013, March 10, 2013, and April 8, 2013, he was suffering from "severe and intense" leg pain. (Doc. #1 at ¶13). Weatherspoon then alleges, generally, that, on one or more of these dates, Scheppelman and three other named defendants "withheld [his] (recorded and documented) prescribed pain relief medication and prevented [him] access to a physician capable of evaluating [his] need for adequate treatment." (*Id.*). Weatherspoon does not specify exactly which actions Scheppelman allegedly took or on what date(s), and Scheppelman argues in her motion for summary judgment that his claims against her fail for this reason. (Doc. #116 at 8). In response to Scheppelman's motion, Weatherspoon seeks to clarify his allegations against her, asserting that, on March 10, 2013, Scheppelman "intentionally refused to provide Plaintiff with pain relief medication, instead provided milk, crackers and paged Dr. Abdullatif to examine Plaintiff, instead of providing Plaintiff with pain relief medication." (Doc. #123 at 14).

The problem for Weatherspoon, however, is that he has failed to raise a genuine issue of material fact as to Scheppelman's alleged deliberate indifference on the date in question. Treatment notes in the record demonstrate that Weatherspoon was seen by a physician, Ramesh Kilaru, M.D., for left leg pain on January 18, 2013. (Doc. #85-1 at 16-17). Dr. Kilaru noted the "benign nature of the lesion," indicating that if it worsened it could be aspirated. (*Id.* at 17). He provided Weatherspoon with six tablets of 200 mg ibuprofen and advised him that a stronger

6

dose of this medication (400 mg) would arrive soon, as it was being ordered. (*Id.*). Weatherspoon then saw a physician's assistant for his leg pain on January 29, 2013, at which time he was advised to purchase over-the-counter pain medication at the prison store. (*Id.* at 19). Weatherspoon continued to complain of pain, was seen several times by medical providers, and was advised again on February 21, 2013 to purchase over-the-counter pain medication at the prison store. (*Id.* at 22). When Scheppelman saw Weatherspoon on March 10, 2013, she noted that he was currently taking "motrin 400 mg," which he was instructed to take with food. (*Id.* at 26). As a result, she provided him with saltine crackers and milk to coat his stomach and placed a call to Dr. Abdellatif, who saw Weatherspoon later that day, adding a prescription for acetaminophen. (*Id.* at 27).

It is clear, then, that Scheppelman's actions do not amount to deliberate indifference to a serious medical need. As noted above, Scheppelman examined Weatherspoon on the date in question, noted that he was taking some pain relief medication, and provided him with food and drink to "coat the stomach." (*Id.* at 26). There is no indication in the record that Weatherspoon was denied or refused additional pain medication at that time; and, indeed, Dr. Abdellatif prescribed acetaminophen later the same day. (*Id.* at 27). Although Weatherspoon accuses Scheppelman of "documenting false health record entries" (Doc. #123 at 15), he has offered no evidence whatsoever supporting this conclusory accusation. Thus, where Weatherspoon admits (and the undisputed evidence establishes) that Scheppelman provided him with medical attention on the date in question (and also "*paged* Dr. Abdullatif to examine [him]," which suggests Scheppelman took immediate action to secure additional medical attention for Weatherspoon), and he simply disagrees with Scheppelman's alleged decision not to provide him with additional or different medication, there can be no constitutional violation, and Scheppelman is therefore

7

entitled to qualified immunity. *See, e.g., Allison v. Martin*, 2009 WL 2885088, at *6 (E.D. Mich. Sept. 2, 2009) ("In cases where an inmate alleges deliberate indifference but the record demonstrates that the inmate received medical attention and is, in essence, filing suit because he disagrees with certain decisions made by the medical staff, the defendant is entitled to summary judgment."); *Umbarger v. Corr. Med. Servs.*, 93 F. App'x 734, 736 (6th Cir. 2004) (holding that a difference of opinion or disagreement between a prisoner and prison medical staff over the kinds of treatment the prisoner needs do not rise to the level of deliberate indifference).[5] Accordingly, summary judgment should be granted in Scheppelman's favor.

### 3. Weatherspoon's Claims Against George are Barred by Qualified Immunity

With respect to George, Weatherspoon alleges that, on March 21, 2013, she denied his request to be discharged and/or terminated from anti-psychotic medications and the "mental health program." (Doc. #1 at ¶15; Doc. #123 at 10). Weatherspoon further alleges that George forcibly administered psychotropic drugs against his will, despite knowing the "risk of combining multiple antipsychotic drugs …." (Doc. #123 at 10). Weatherspoon appears to allege that George's actions in this respect constitute deliberate indifference to a serious medical need and a violation of his due process rights.

Weatherspoon's deliberate indifference claim fails for several reasons. First,

---

[5] Weatherspoon also asserts that Scheppelman's actions were a "menacing, malicious, egregious abuse of authority" and were "shocking to the conscience," thus establishing a violation of the substantive due process clause of the Fourteenth Amendment. (Doc. #1 at ¶23). This conclusory assertion does not overcome Scheppelman's well-supported motion. As the Sixth Circuit has explained, "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 n. 4 (6th Cir. 1995). Here, where Scheppelman's actions do not constitute deliberate indifference to a serious medical need, it follows that her conduct was not, as a matter of law, so reprehensible as to shock the Court's conscience. Thus, summary judgment is also appropriate on Weatherspoon's Fourteenth Amendment claim against Scheppelman.

Weatherspoon seems to assert that he is not mentally ill (and, thus, had no "serious medical need"). (Doc. #123 at 10 (Weatherspoon repeatedly advised George that he was "not being or suffering mental illness"), 11 (Weatherspoon "is not suffering mental illness or in need of mental health treatment")). But, even assuming Weatherspoon did satisfy the objective prong of a deliberate indifference claim, he has come forward with no evidence that George acted with deliberate indifference. Rather, by Weatherspoon's own admission, George provided him with psychotropic medication to treat his mental illness, and he simply disagreed with this course of treatment. Thus, at best, Weatherspoon has alleged that George misdiagnosed his mental illness and gave him unnecessary medication. However, as a matter of law, negligence in diagnosing a medical condition does not constitute deliberate indifference and, as such, George is entitled to qualified immunity from Weatherspoon's claims. *See Rouster v. County of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014).[6] Accordingly, summary judgment should be entered in George's favor.

### III. CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment [**116**] be **GRANTED**.

Dated: July 19, 2016                           s/ David R. Grand
                                               DAVID R. GRAND
                                               UNITED STATES MAGISTRATE JUDGE

---

[6] Moreover, to the extent Weatherspoon alleges that he was forcibly medicated in violation of the Due Process Clause, such a claim fails. Weatherspoon alleges that, on March 21, 2013, George "begged [him] to at least try the medication," indicating that if he did so, she would apparently "discharge" him (from either the medication or from mental health treatment – that is unclear) if he "[didn't] like the medication." (Doc. #122 at 2). Thus, by Weatherspoon's own admission, he took the medication on the date in question (albeit perhaps under a mistaken belief that doing so would eventually result in the cessation of his mental health treatment). Moreover, documents attached to Weatherspoon's complaint establish that he was subsequently adjudged mentally ill by a hearing committee pursuant to MCL §330.2003(c) (Doc. #1-1 at 2-21), further evidencing that he was provided all process mandated by law.

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 19, 2016.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager