UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,                                    Case No. 14-cv-12789
                                                          Hon. Matthew F. Leitman

v.

GEORGE LNU, *et al.*,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE STRIKE AND RE-FILE ORDER (ECF #134) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION (ECF #135)

On July 19, 2016, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") in which he suggested that the Court grant summary judgment in favor of Defendants Susan George and Tamara Scheppelman. (*See* ECF #127.) On August 29, 2016, Plaintiff Morris Weatherspoon ("Weatherspoon") filed handwritten objections to the R&R (the "Objections"). (*See* ECF #130.) On October 12, 2016, this Court entered an order striking the Objections because they were not reasonably legible and giving Weatherspoon until November 28, 2016 to refile the Objections in a specified legible format (the "Strike and Re-File Order"). (*See* ECF #132.)

Weatherspoon has now objected to the Strike and Re-File Order and also requested an extension of time to file the re-formatted objections. (*See* ECF #134, 135.) The Court overrules the objection and grants the request for additional time.

The Strike and Re-File Order was justified and reasonable because the Objections were not reasonably legible. The Objections were exceedingly difficult to read and it would have taken an unjustified amount of time to decipher them. While the Court has struggled through materials submitted by Weatherspoon in the past, it does not have the time to do so now. Moreover, the Strike and Re-File Order was intended to benefit Weatherspoon by insuring that his arguments are presented in a format that the Court can understand. For comparison purposes, the Court has attached to this Order a page from the Objections and a page from Weatherspoon's most recent filings that adhere to the newly-required format. The difference between the two formats is striking. The papers in the newly-required format are legible and understandable; they achieve the precise goal that the Court intended when it entered the Strike and Re-File Order.

Accordingly, Weatherspoon's objection to the Strike and Re-File Order (ECF #134) is **OVERRULED**. His request for an extension of time to file the re-formatted Objections on December 28, 2016 is **GRANTED**.

    **IT IS SO ORDERED.**

    s/Matthew F. Leitman
    MATTHEW F. LEITMAN
    UNITED STATES DISTRICT JUDGE

Dated: October 25, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2016, by electronic means and/or ordinary mail.

    s/Holly A. Monda
    Case Manager
    (313) 234-5113

ANSWER TO REPORT AND RECOMMENDATION OF FILE TOGETHER WITH THE OTHERS CONSIDERED IN DETERMINING WHETHER THERE IS A GENUINE ISSUE AS TO ANY MAT. FACT, THE PLAINTIFF HAS NOT BEEN PROVIDED AND AFFORDED AN OPPORTUNITY TO COMPLY W. RULE 56 OF FED. R. CIV. P. TO ACTUALLY CITE DEPOSITIONS, ADMISSIONS, INTERROGATORIES INCLUDING AFFIDAVITS WHICH MAKES IMPOSSIBLE FOR THE REPORT AND RECOMMENDATION TO BE RELEVANT AT STAGE OF PROCEEDINGS IN VIOLATION OF LAW AND PLAINTIFF'S DUE PROCESS BECAUSE PLAINTIFF SHALL BE ALLOW TIME TO TAKE DISCOVERY FOR THE ABILITY TO EXPRESS DEMONSTRATE AND ESTABLISH THE EXISTENCE OF QUESTION OF MATERIAL FACT, FED. R. CIV. P. RULE 56, DOC NO 38-41 S DOC NO 26-29, EACH TIME THE PLAINTIFF WEATHERSPOON SOUGHT TO COMPLY WITH FED. R. CIV. P. RULE 26-37 GOOD FAITH EFFORT TO OBTAIN JUSTICE BY DEFAULT AND OR CERTAIN INTERROGATORIES, ADMISSION AND OR REQUESTS FOR PRODUCTION OF DOCUMENTATION AND ANY OTHER METHOD FOR DISCOVERY TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT THE PLAINTIFF'S REQUEST BY THE COURT WAS STRICKEN, DENIED, AND OR ORDERED TO TAKE ANOTHER COURSE OF ACTION. E.G. RESPOND TO SUMMARY JUDGEMENT, PROVIDE ADDRESS OF DEFENDANTS. DOC NO 26-29 AND MORE THAN 2 YEARS HAVE ELAPSED PLAINTIFF STILL NOT ALLOWED DISCOVERY ~~TO DO~~ WHICH IS GREAT ADVANTAGE TO DEFENDANTS AND DISADVANTAGE TO PLAINTIFF, THE COURT CAN LOOK AT EVIDENCE ON RECORD THAT IS FALSE (FILE NO: 013-018-0/MTU; MISCONDUCT REPORT) AND THE COURT CAN LOOK TO EVIDENCE DURING DISCOVERY TO ASSES THE PLEADINGS AND OR DENY SUMMARY JUDGEMENT SIMPLY HOLD EVIDENTIARY HEARING PERMIT PLAINTIFF APPEAR WITH EVIDENCE AND ASSAYING THE CREDIBILITY OF EVIDENCE WHICH ASSURE PLAINTIFF CLAIMS RECEIVE FAIR, ADEQUATE AND MEANINGFUL CONSIDERATION BECAUSE PLAINTIFF LACK AND DENIED SUFFICIENT ACCESS TO PROOF BY COURT, DOC NO. 26-29, UNCOVER OF THE INFORMATION, PRODUCTION DOCUMENTS, INTERROGATORIES, AFFIDAVITS AND ADMISSIONS WILL ALMOST CERTAINLY CHANGE THE COURSE OF THE PROCEEDINGS AND IS PREJUDICE SUCH PRACTICE GIVE AN ADVANTAGE TO DEFENDANTS WHICH IS A CLEAR MANIFEST UNFAIR, BECAUSE THERE IS NO EVIDENCE WHICH WOULD SUPPORT THE REPORT AND RECOMMENDATION BUT CAN BE REFUTED AND CONTRADICTED IN THE FINDING TO GRANT DEFENDANTS SCHEPPELMAN AND GEORGE MOTION FOR SUMMARY JUDGEMENT. FUTHERMORE, THE USE OF FALSE AND PERJURED MEDICAL RECORD, AFFIDAVIT AND OTHER DOCUMENT INCLUDING THE FAILURE TO EXHAUST DOC NO 18-5 PAGE ID 175-205, NOR HAS DEFENDANT SCHEPPELMAN AND GEORGE PRODUCE EVIDENCE NOR AFFIDAVIT TO DISCREDIT AND CONTRADICT PLAINTIFF FACTS AND EVIDENCE WHICH IS ANOTHER HOW THE USMJ BIASED AND PREJUDICED TOWARDS PLAINTIFF BECAUSE PLAINTIFF TRIED TO COMPLY AND NONCOMPLIANCE BY DEFENDANTS AND THE COURT MUST CONSIDER BUT DID NOT WHEN FINDING DEFENDANTS BE GRANTED SUMMARY JUDGEMENT IS ABUSE OF DISCRETION AND OBSTRUCTION TO JUSTICE AND VIOLATION OF THE PLAINTIFF'S DUE PROCESS, THE COURT ERRED IN ITS REPORT AND RECOMMENDATION. KENSU V. BUSKIRK (6TH CIR 2016) SCREWS V. US, 65 S.CT. 1031 1944 (CITE OR ID); BELL V. CITY OF MILWAUKEE, 746 F.2D 1205 (7TH CIR); SWEKEL V. CITY OF RIVER ROUGE, 119 F.3D 259 (6TH CIR) AND MICHIGAN LAWYERS WEEKLY (VOL. 30, NO. 29) MAY 23, 2016 ARTICLE BY LEE DRYDEN, PAGE 3 517 ENTITLED " COOPERATION, CIVILITY ARE KEY IN DISCOVERY (JUDGES SAY PARTIES SHOULD RESOLVE ISSUES THEMSELVES WHEN POSSIBLE) AND FED. R. CIV. P. RULE 56

the plaintiff's objections to the Report and Recommendation (ECF #130) &

directing the Clerk of the Court to strike plaintiff Weatherspoon's current objections from the record order on October 12, 2016, Doc. No. 132, Pg ID 872-873.

In support of this motion the plaintiff submits as follows:

Objection #1: The court erred enter its order for the plaintiff to refile objection and order Clerk of the Court Move the plaintiff objections. The plaintiff has filed multiple motions with the court and applied the same means to apply handwritten pleadings and the plaintiff has also adopted this same method in legal pleadings to numerous U.S.D.C and even the appeals court. The court abused its discretion enter its order for the plaintiff to rewrite objections to the R+R and instruction to be complete by November 28, 2016, because not legible. The court's order annoy and frustrate the plaintiff, and the plaintiff has no choice but to comply with the

Page 2.